**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY DELL BELLEW
ADC #119832                                                                                                          PLAINTIFF

V.                                              5:09CV00341 BSM/JTR

DR. ROLAND ANDERSON,
Correctional Medical Services, et al.                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the

>   United States District Judge was not offered at the hearing before the Magistrate Judge.
>
> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Larry Dell Bellew, who is a prisoner in the Cummins Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants have provided him with inadequate medical care. *See* docket entry #2.

Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts.[1] *See* docket entries #22, #23, and #26. Plaintiff has filed a Response and a Statement of Disputed Facts. *See* docket entries #32 and #36. Thus, the issues are joined and ready

---

[1] Defendants captioned their pleading as a "Motion to Dismiss." *See* docket entry #22. On March 12, 2010, the Court entered an Order notifying the parties that Defendants' Motion, which included supporting documents, would be construed as a Motion for Summary Judgment. *See* docket entry #24.

The Motion was filed by separate Defendants Dr. Ronald Anderson, Administrator Rory Griffin, and Director of Nursing Judith Savory. Defendants Dr. James Blackmon and Dr. Samuel Houston did not joined in the Motion because they have not been served. However, the exhaustion argument raised in the Motion applies equally to all five Defendants.

for disposition

## II. Discussion

Defendants argue that they are entitled to summary judgment because Plaintiff has failed to exhaust his administrative remedies.[2] *See* docket entry #22 and #23. This argument is well taken.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007);[3] *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006). Importantly, the PLRA requires inmates to *fully* and *properly* exhaust their administrative remedies *prior* to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v.*

---

[2] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file" that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

[3] In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Court emphasized that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."

*Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (emphasis added).

To fully exhaust administrative remedies about a medical problem, an ADC prisoner must: (1) file an informal resolution with the medical staff; (2) file a grievance to the Health Services Administrator if the attempt at informal resolution is unsatisfactory; and (3) appeal the Health Services Administrator's decision to the ADC Deputy Director for Health and Correctional Programs. *See* docket entry #22, Ex. B (ADC Adm. Dir. 07-03 § IV(E) through (G) (August 6, 2007). Importantly, it is well settled that a prisoner *must* comply with the prison's exhaustion procedures. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) (explaining that: "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (holding that proper exhaustion demands compliance with the prison's deadlines and other critical procedural rules).

On September 21, 2008, Plaintiff filed an informal resolution alleging that a stint and balloon had been inadvertently left in his bladder after a surgery that was performed in July of 2008. *See* docket entry #32, Exs. 1 and 3. On the same day, the prison medical staff noted on the bottom of the informal resolution that they would schedule an appointment with the prison doctor. *Id.* It is *undisputed* that Plaintiff did not proceed to the next step of the exhaustion process by filing a grievance. *See* docket entries #32 and #26.

Approximately a year later, on September 8, 2009, Plaintiff filed an informal resolution renewing his allegations that a stint and balloon had been left in his bladder. *See* docket entry #32, Exs. 2 and 4. The next day, prison medical staff noted on the bottom of the form that they would schedule an appointment with a doctor. *Id.* Once again, it is *undisputed*, that Plaintiff did not proceed to the next step of the exhaustion process by filing a grievance. *See* docket entries #32 and

#26.

Plaintiff explains that he did not do so because he did not actually receive copies of the prison medical staff's responses to his September 21, 2008 and September 8, 2009 informal resolutions until after the time period for filing grievances had expired. *See* docket entries #32 and #36. However, the ADC grievance procedure clearly states that a prisoner should file a grievance if he or she does not receive a response to an informal resolution within three working days. *See* docket entry #22, Ex. B (ADC Adm. Dir. 07-03 § IV(E)(11)). Thus, when Plaintiff did not timely receive responses to his September 21, 2008 and September 8, 2009 informal resolutions, he should have proceeded to the next step in the ADC exhaustion process by filing grievances. Plaintiff did not do so.[4] Accordingly, he did not properly exhaust his administrative remedies.

Finally, it is undisputed that, on December 20, 2009, Plaintiff filed medical grievance CU-09-01407, which is still pending on appeal before the Deputy Director of Health and Correctional Programs. *See* docket entry #26, Ex. C. The parties have not clarified whether that grievance is about the specific inadequate medical care claim raised in this lawsuit. However, even if the Court were to assume that it was, grievance CU-09-01407 has not yet been fully and properly exhausted because it: (1) is still pending on appeal; and (2) was filed more than a month *after* Plaintiff commenced this action on November 2, 2009. *See Johnson,* 340 F.3d at 627; *Graves,* 218 F.3d at 885 (explaining that a prisoner must *fully* and properly *complete* the prison exhaust process *prior* to filing a lawsuit in federal court) (emphasis added).

Accordingly, Defendants are entitled to summary judgment because Plaintiff has, at this

---

[4] Additionally, the Medical Grievance Investigator states, in her *unrefutted* affidavit, that Plaintiff did not complete the exhaustion process as to any medical grievances filed from April 5, 2001 until March 16, 2010. *See* docket entry #26, Ex. C.

time, failed to fully and properly exhaust his administrative remedies.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (docket entry #22) be GRANTED, and that this case be DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 7th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE